UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MANDY RENE GUEVARA,

                Plaintiff,

      v.                                    **DECISION AND ORDER**
                                            19-CV-601S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____


       1.     Plaintiff Mandy Rene Guevara brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied her applications for disability insurance benefits under Title II and supplemental security income under Title XVI of the Act.  (Docket No. 1.) The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

       2.     Plaintiff protectively filed her application for supplemental security income with the Social Security Administration on October 8, 2015. (R.[1] at 74.) She filed her application for disability insurance benefits on October 19, 2015. (R. at 75.) Plaintiff alleged disability beginning on May 1, 2013, due to back injury, anxiety, depression, mood disorder, obesity, chronic homelessness, and bipolar disorder. (R. at 76-77.) Plaintiff's application was denied. Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ"). ALJ Collin Delaney held a hearing on June 5, 2018, at which Plaintiff, represented by her attorney, appeared and testified by videoconference. (R. at 35-73.) Vocational Expert Randolph Salmons also appeared and testified. (R. at 35.) At the time

---

[1] Citations to the underlying administrative record are designated as "R."

of the hearing, Plaintiff was 27 years old, with a high school diploma and some college, and prior work experience as a cashier, dishwasher, food service worker, and packer. (R. at 74, 85-86.)

3.      The ALJ considered the case *de novo* and, on July 6, 2018, issued a written decision denying Plaintiff's application for benefits. (R. at 15-30.) On March 15, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 1.) Plaintiff then filed the current action on May 9, 2019, challenging the Commissioner's final decision.[2]

4.      Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 12, 14.)  Plaintiff filed a response on February 28, 2020, (Docket No. 15), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion is granted, and Defendant's motion is denied.

5.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where

---

[2] The ALJ's July 6, 2018, decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

6.     "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

8.     The five-step process is as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not,

3

the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

9.     Although the claimant has the burden of proof on the first four steps, the

Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S.

at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided

into two parts.  First, the Commissioner must assess the claimant's job qualifications by

considering his or her physical ability, age, education, and work experience.  Second, the

Commissioner must determine whether jobs exist in the national economy that a person

having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20

C.F.R. § 416.920(a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954,

76 L. Ed. 2d 66 (1983).

10.     The ALJ analyzed Plaintiff's claim for benefits under the process set forth

above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful

activity since her alleged disability onset date of May 1, 2013. (R. at 18.)  At step two, the

ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; obesity; mood disorder/ bipolar disorder; and anxiety disorder. (Id.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (R. at 19.)

11.     Next, the ALJ found that Plaintiff retains the residual functional capacity ("RFC") to perform sedentary work, except that she

> can occasionally climb ramps and stairs; can never climb ladders, ropes or scaffolds; can occasionally balance, stoop, kneel, crouch and crawl; is limited to simple, routine and repetitive tasks; and is limited to only occasional interaction with co-workers and supervisors, and the general public.

(R. at 21.)

12.     At step four, the ALJ found that Plaintiff has no past relevant work. (R. at 28.)  At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R. at 29.) Accordingly, the ALJ found that Plaintiff was not disabled at any time between the alleged disability onset date of May 1, 2013, and the date of the decision. (R. at 29.)

13.     Plaintiff argues that the ALJ failed to properly consider Listing 1.04A for lumbar spine, and that the ALJ should have found her disabled at this step. She also argues that the ALJ failed to properly consider the medical opinion evidence in the record, and improperly considered her activities of dialing living in assessing her credibility.

14.     The third step in the sequential analysis requires the ALJ to consider whether Plaintiff's symptoms meet the Listing requirements. To meet Listing 1.04(A),

which the ALJ correctly identified as applicable, a claimant must show proof of the following conditions: (1) a disorder of the spine, including but not limited to "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture;" (2) "Compromise of nerve root (including the cauda equina) or the spinal cord;" (3) "Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness);" (4) "Sensory or reflex loss;" and, if there is involvement of the lower back, (5) "Positive straight-leg raising test" in both the sitting and supine position. Monsoori v. Comm'r of Soc. Sec., No. 1:17-CV-01161-MAT, 2019 WL 2361486, at *3–4 (W.D.N.Y. June 4, 2019), citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04.

15.     The ALJ found that Plaintiff did not meet Listing 1.04 because the record did not demonstrate the required elements of the listing, but he did not explain his reasoning. (R. at 38) Rather, the ALJ simply recited the Listing criteria, stating that Plaintiff "does not meet Listing 1.04 as there is no significant evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication." (R. at 19.) The ALJ then went on to discuss in detail Plaintiff's mental health record, analyzing at length why it did not support a finding of a listed mental health impairment. (See R. at 20-21.)

16.     Here, the record evidence suggests that Plaintiff's back symptoms could meet the requirements in Listing 1.04(A). Plaintiff had been receiving ongoing care for back pain since 2014. The record contains diagnoses of intervertebral disc disorder with radiculopathy, moderate disc herniation, and moderate to severe stenosis. (R. at 366,

6

385, 422, 440.) A lumbar MRI on September 2, 2015, showed "L4-L5 desiccation, central annular tear, and large broad-based disc protrusion in conjunction with facet arthropathy causing moderate central canal and lateral recess stenosis, with compression of bilateral nerve roots as they exit the thecal sac." (R. at 366.)  An MRI on March 3, 2017, showed moderate disc herniation and a disc fragment causing moderate to severe central canal stenosis, with bilateral recess stenosis. (R. at 441-42.) The record contains findings of decreased range of motion and of positive straight leg raises. (See, e.g., R. at 360-61, 513.) Plaintiff underwent lumbar spine fusion on August 28, 2017. (R. at 453-66.)

17.     The record thus suggests that that Plaintiff met the listing criteria. Of course, it is not the function of the Court to weigh the medical evidence of record to determine whether Listing 1.04(A) was met. See Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) ("It is not our function to determine de novo whether plaintiff is disabled.") (internal quotation marks omitted). It is the ALJ's job to make this determination in a way a court can follow. Abramaitys v. Berryhill, No. 1:16-cv-00660(MAT), 2017 WL 4456700, at *3 (W.D.N.Y. Oct. 6, 2017) ("[I]t is not the function of this Court to weigh the medical evidence and determine if plaintiff meets the listing requirements. It is the Commissioner's function to make that determination and, in this case, the ALJ failed to do so in a manner that allows for meaningful review.").

18.     "While the ALJ may ultimately find that [a considered listing] do[es] not apply to Plaintiff, he must still provide some analysis of Plaintiff's symptoms and medical evidence in the context of the Listing criteria." Critoph v. Berryhill, No. 1:16-CV-00417(MAT), 2017 WL 4324688, at *3 (W.D.N.Y. Sept. 28, 2017) (quoting Peach v. Colvin, No. 15-CV-104S, 2016 WL 2956230, at *4 (W.D.N.Y. May 23, 2016)). Failure to

do so may warrant remand. <u>See, e.g.</u>, <u>Torres v. Colvin</u>, No. 14-CV-479S, 2015 WL 4604000, at *4 (W.D.N.Y. July 30, 2015) (remanding where "the record evidence suggests that Plaintiff's symptoms could meet the Listing requirements in 1.04(A)" but the ALJ's "only reference to it is a recitation of the standard"); <u>Cherico v. Colvin</u>, No. 12 Civ. 5734(MHD), 2014 WL 3939036, at *28 (S.D.N.Y. Aug. 7, 2014) (holding that an ALJ merely stating that he or she had considered the requirements of a listing was "patently inadequate to substitute for specific findings in view of the fact that plaintiff has at least a colorable case for application of listing 1.04(A)" and that where there is record support for each of the necessary symptoms, the ALJ was required to address that evidence, and his failure to specifically do so was error that would justify a remand). Because the ALJ failed to make or explain specific findings regarding Listing 1.04(A), this Court finds that remand is warranted.

19.     Defendant argues that Plaintiff did not establish muscle atrophy, as required by Listing 1.04(A), because the record does not show leg measurements. (Docket No. 14-1 at p. 19.) Defendant also argues that Plaintiff does not meet Listing 1.00B, which requires a claimant to demonstrate the "inability to ambulate effectively" for a period of at least 12 months. Whatever the merits of these arguments, it was the ALJ's job to assess the record in light of all the listing requirements, and give reasons for his findings. A reviewing court "may not accept appellate counsel's *post hoc* rationalizations for agency action." <u>Snell v. Apfel</u>, 177 F.3d 128, 134 (2d Cir. 1999) (citing <u>Burlington Truck Lines, Inc. v. United States</u>, 371 U.S. 156, 168, 83 S. Ct. 239, 9 L. Ed. 2d 207 (1962)).

20.     Defendant also argues that improvement of Plaintiff's lumbar spine condition after her surgery in August 2017 shows that she did not have "continuing and

debilitating compromise of a nerve root throughout the relevant period." (Docket No. 14-1 at pp. 19-20.) But the record shows lumbar spine problems from 2014 up to the August 2017 surgery. Evidence of improvement after her 2017 spine surgery does not negate the evidence of limitations preceding—and necessitating—that surgery. Because Plaintiff is applying for disability insurance benefits, the ALJ is required to assess whether she met the Listing for a period of 12 or more months at any time between her alleged onset date and her date last insured—in other words, whether she experienced a "closed period of disability." Williams v. Colvin, 2016 WL 3085426, at *4 (W.D.N.Y. June 2, 2016) ("if a claimant is disabled at any point in time, the ALJ should consider not only whether Plaintiff was disabled at the time of the hearing, but also whether Plaintiff was entitled to disability benefits for any closed, continuous period of not less than 12 months, following the date of his claim.") Defendant's argument appears to ignore this requirement. Upon remand, the ALJ should consider this possibility while assessing the listing requirements.

21.     Plaintiff also argues that the ALJ failed to properly evaluate the opinion evidence, and overemphasized Plaintiff's daily activities in his credibility assessment. Because remand is warranted on other grounds, this Court will not consider these arguments here.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No.12) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No.14) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security

for further proceedings consistent with this opinion.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:         September 21, 2020
               Buffalo, New York

                                        s/William M. Skretny
                                     WILLIAM M. SKRETNY
                                   United States District Judge